# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMEENA BROWN and EVAN BRAGGS, Individually and as Co-Administrators of the Estate of A.B., deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: N20C-01-067 FJJ |
| v. | ) ) | |
| FISHER-PRICE, INC. and MATTEL, INC., | ) ) ) | |
| Defendants. | ) | |

Submitted: April 16, 2025
Decided: May 7, 2025

## ORDER
*on Defendants' Motion in Limine as to "Other Incidents"*

*Robert J. Leoni, Esquire,* Shelsby & Leoni, Newark, Delaware and *Michael A. Trunk, Esquire*, (Pro Hac Vice) Kline & Specter, P.C., Philadelphia, PA, *Attorneys for Plaintiffs.*

*Jennifer C. Wasson, Esquire, and Ryan D. Kingshill, Esquire*, Potter Anderson & Corroon, LLP, Wilmington, Delaware, and *Steven B. Weisburd, Esquire, and Jan E. Dodd, Esquire*, (Pro Hac Vice) Shook, Hardy, and Bacon LLP, Los Angeles, California, and Ryan Cobbs, Esquire, (Pro Hac Vice) Shook, Hardy, and Bacon, LLP, Miami, Florida, *Attorneys for Defendants*

**Jones, J.**

Plaintiffs Ameena Brown and Evan Braggs ("Plaintiffs") have filed the instant product liability action against Defendants Fisher-Price, Inc. and Mattel, Inc. ("Defendants") following the death of their infant son, A.B. The Complaint alleges that A.B.'s death was caused by Fisher-Price's Rock 'n Play Sleeper ("RnP") which was an inclined sleep product designed and marketed for day use or overnight sleep where infants are placed in a spine position at an angle. Trial in this matter is scheduled for June 2025. The Parties have filed numerous pretrial motions. This decision deals with Defendants' Motion in Limine to exclude evidence of other incidents.

Defendants move to prevent Plaintiffs from introducing evidence of incidents involving the RnP where other infants suffered injury or death. Plaintiffs oppose this request.

The general rule is that evidence of other incidents is inadmissible if the evidence tends to raise collateral issues and mislead the jury.[1] The justification for this is rule that "every damage case stands upon its own particular facts and the jury's verdict should be reached without the necessity of passing upon other confusing and

---

[1] *Jewell v. Penn. R. Co.*, 183 A 2d 193, 197-87 (Del 1962); *Vansant v. Evans*, 2009 WL 3069670, at *1-2 (Del. Super. Sept. 23, 2009).

irrelevant issues."[2]  However, there is an exception to the rule that allows for evidence of other incidents occurring under sufficiently similar circumstances.[3]

The question in this case is what constitutes "sufficiently similar circumstances." Defendants take a narrow reading of "sufficiently similar circumstances" and maintain that the Court must conduct a detailed factual inquiry into the specifics of the prior incident which has to match up with the facts of the instant case.[4]  Plaintiffs take a broader view and argue that similarity is satisfied in a design defect case if the same product and alleged defect is involved.[5]  In support of its position, Plaintiffs maintain that Pennsylvania law must be applied to decide the issue because it is substantive rather than procedural.[6]

The instant motion deals with a procedural issue, not one of substantive law. Therefore, Delaware law controls the analysis.  In *Delmarva Power & Light Company v. King*, the Delaware Supreme Court had the opportunity to address the meaning of sufficiently similar circumstances.  In *Delmarva*, the Supreme Court quoted *Jewell* and wrote:

> We do not intend to be understood, in holding proof of prior accidents . . . inadmissible, as also holding that in actions for injuries *caused by dangerous defect* in a physical structure, or object, that proof of prior injuries by reason of the same defect would be inadmissible.  To the

---

[2] *Id.* at 197.
[3] *Jewell*, 183 A 2d at 197-87; *Delmarva Power & Light Co. v. King et. al.*, 1992 WL 53413 (Del 1992).
[4] D.I. 297 p.11-13.
[5] D.I. 350 p.7-13.
[6] D.I. 350 p.5-7.

contrary, we think that such proof is properly admissible, but that is not the case at bar.[7]

In *Jewell*, the Delaware Supreme Court found a prior accident inadmissible because the prior accident was incomparable to the accident at issue; therefore, its admission would prejudice the defendant.[8] Despite this holding, the *Jewell* Court ensures, as stated in the above quotation, that future courts dealing with prior accidents in defect cases do not take this ruling to mean prior accidents are per se inadmissible. In *Delmarva*, the Delaware Supreme Court applied *Jewell* and found evidence of a prior accident involving the same defect was properly admitted at trial.[9]

*Jewell* and *Delmarva* establish that in design defect cases, other incidents are admissible so long as the defect alleged is common to the claims. The other Delaware cases Defendants rely on reveal the contours of what is "substantially similar." As in *Jewell*, these cases assess circumstances where the prior automotive- and locomotive-related accidents were not "substantially similar" to the incident at issue in a way that rendered the prior accidents irrelevant.[10] But where, as here, the incidents are substantially similar yet not identical, the fact that there are differences

---

[7] 608 A.2d at *3 (quoting *Jewell*, 183 A.2d at 198).
[8] *Jewell*, 183 A.2d at 197-98.
[9] *Delmarva Power & Light Co.*, 1992 WL 53413, at *4.
[10] *See Vansant*, 2009 WL 3069670, at *2-3 (bus driver's prior incidents in her role as a driver had no similarities to the driving accident at issue); *Rothermel v. Consol.*, 1998 WL 110010, at (Del. Super. Jan. 21, 1998) ("a substantial difference in a motorist's line of sight" based on whether the car was headed east or west across a railroad created enough of a difference to bar admission of the prior incident).

between the incidents goes not to admissibility but to the weight to be afforded the evidence.[11] But, of course, that weight may be subjected to vigorous cross examination.

Given the teachings of Jewell and Delmarva the Court will allow "prior incidents" occurring before January 15, 2018, the date of the incident in this case. These prior incidents are admissible as to notice.[12] Whether the evidence will be admissible beyond notice will depend on Plaintiffs' proof. It is not enough that the other incident involved the same product. Plaintiffs must present evidence that the same alleged defect was alleged to be present in the prior case and that the defect caused the alleged harm. I reject the argument that plaintiff must also show that the other prior incident resulted in a claim being made.

As to "incidents" post January 15, 2018, the admissible "incidents" are limited to cases where the plaintiff can present proof that the incident supports a similar defect and that defect caused the alleged harm.

This decision is consistent with the Court's *Daubert* ruling on Dr. Mannen and Dr. Hoffman.[13] In that ruling, this Court reasoned that although Dr. Mannen "did not study infants who were clothed or swaddled, or any infants suffering from

---

[11] *Lockley v. CSX Transp. Inc.*, 5 A3d 383, 396 (Pa. Super. Ct. 2011). Pennsylvania law is clearly consistent with the *Jewell* and *Delmarva* decisions. *See Blumer v. Ford Motor CXO.*, 20 A3d 1222, 1228-29 (Pa Super. 2011); *Spino v. John S. Tilley Ladder Co.*, 696 A2d 1169, 11972 (Pa. 1977).

[12] *Firestone Tire & Rubber Co. v. Adams*, 541 A.2d 567, 570-71 (Del. 1988); D.R.E. 404(b).

[13] *See* D.I. 320 (Mannen Order); D.I. 321 (Hoffman Order).

hypertonicity," her "testimony is not inadmissible merely because it fails to account for some condition or fact which the adversary considers relevant."[14] This ruling recognizes that this will be the subject of cross examination.[15] The fact that some of the other incidents involved competitors' inclined sleep products is not dispositive because those products showed the same defects alleged in the instant case.[16]

Defendants argue that the other incidents are inadmissible hearsay.[17] To the extent the evidence is sought to be introduced through experts, the information is admissible under D.R.E. 703 if the foundational requirement under D.R.E. 703 is met. It may also be admissible under D.R.E. 803(6) if the proper foundation can be laid. To the extent this evidence is offered to prove notice only, the other incident evidence is not hearsay because it is not being offered for the truth of the matter asserted but goes only to notice.[18]

To address Defendants' concerns that this evidence will mislead and confuse the jury and be a waste of time, the Court finds that Defendants' cross-examination will be sufficient to allow Defendants to attack this line of evidence as they see

---

[14] D.I. 320 p.13-14.

[15] The fact the other incidents involve different models of the RnP is of no moment since the structure and the inclined angle (which is what the plaintiffs say is the defect) did not change over the course of time.

[16] Even if the other incidents were shown not to be substantially similar to the subject incident, those incidents that occurred prior to the event in this case would be admissible as to notice. *Firestone Tire and Rubber Co. v Adams.*, 541 A.2d 567, 570-71 (Del 1988).

[17] D.I. 297 p.15-17.

[18] D.R.E. 801; *Tracinda Corp. v. Daimler Chrysler AG*, 362 F Supp 2d 487, 495-96 (D. Del 2005).

necessary. Further, this Court finds cross-examination on this evidence will not become so time consuming as to amount to a "mini-trial."

Based on the above reasons, I **DENY** Defendants' Motion.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:     Counsel of Record *via File&ServeXpress*